[Cite as *Gumins v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4342.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID GUMINS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2006-06132

Judge Joseph T. Clark
Magistrate Steven A. Larson

JUDGMENT ENTRY

{¶ 1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶ 2} On July 28, 2009, the magistrate issued a decision recommending judgment in favor of defendant. On October 13, 2009, the court overruled plaintiff's objections without consideration of the App.R. 9(C) statements filed by the parties inasmuch as a transcript was "available" for the purposes of Civ.R. 53(D)(3)(b)(iii). Judgment was rendered in favor of defendant.

{¶ 3} On July 20, 2010, the Tenth District Court of Appeals reversed the judgment of this court and remanded the case for further proceedings, stating in relevant part that "the trial court erred in finding the transcript was available in the face of plaintiff's uncontested affidavit of indigency" and that "[o]n remand, the trial court will have the opportunity to determine whether to use affidavits under Civ.R. 53(D)(3)(b)(iii) or utilize the statements the parties proffered." *Gumins v. Dept. of Rehab & Corr.* (July 20, 2010), Franklin App. No. 09AP-1063, ¶10-11.

{¶ 4}   Civ.R. 53(D)(3)(b)(iii) provides, in part:

{¶ 5}   "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an *affidavit* of that evidence if a transcript is not available."  (Emphasis added.)

{¶ 6}   As defined by R.C. 2319.02, an affidavit is "a written declaration under oath, made without notice to the adverse party."

{¶ 7}   The App.R. 9(C) statements filed by the parties are not sworn statements and are therefore not "affidavits" as required by Civ.R. 53(D)(3)(b)(iii).  Accordingly, the court finds that plaintiff has failed to properly support his factual objections to the magistrate's July 28, 2009 decision.

{¶ 8}   Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Daniel R. Forsythe
Douglas R. Folkert
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed September 9, 2010
To S.C. reporter September 14, 2010